

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00307-CR

**THE STATE OF TEXAS,**

                                                  **Appellant**

 **v.**

**ZACHARY JONES,**

                                                  **Appellee**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 29062

_____

## MEMORANDUM  OPINION

_____

The State appeals from the trial court's order granting Zachary Jones's motion to suppress.  We reverse and remand.

### Background Facts

Deputy Ryan Dowdy, with the Walker County Sheriff's Office, testified at the hearing on the motion to suppress that on June 6, 2018, he conducted a traffic stop based on his observation of a defective license plate lamp.  Deputy Dowdy explained that the

vehicle had two license plate lamps; one of the lamps was in working order, and one was not. Deputy Dowdy also observed the vehicle "swaying" from side to side in the lane; however, he initiated the traffic stop based on the defective license plate lamp.

During the stop, Deputy Dowdy determined that Jones could possibly be intoxicated so he called for a city police officer to come to the scene to investigate. Jones was arrested and charged with the offense of driving while intoxicated third offense of more. He filed a motion to suppress the evidence obtained during and after the detention. The trial court granted the motion to suppress.

## MOTION TO SUPPRESS

In the sole issue on appeal, the State contends that the trial court erred in granting the motion to suppress. A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). The record is viewed in the light most favorable to the trial court's determination, and a trial court's ruling should be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id.* We give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Richardson v. State*, 494 S.W.3d 302, 304 (Tex. App. —Waco 2015, no pet.). But when application-of-law-to-fact questions do not

turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). If the trial court makes findings of fact, as it did here, we determine whether the evidence supports those findings. *Richardson v. State*, 494 S.W.3d at 304. We then review the trial court's legal rulings de novo unless the findings are dispositive. *Id*. We will sustain the trial court's decision if we conclude that the decision is correct under any applicable theory of law. *State v. Cortez*, 543 S.W.3d at 203.

The Fourth Amendment to the United States Constitution as well as Article I, Section 9 of the Texas Constitution protect against unreasonable searches and seizures conducted by the government. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable to be lawful. *Chung v. State*, 475 S.W.3d 378, 383 (Tex. App. —Waco 2014, pet. ref'd). An officer conducts a lawful temporary detention when he has a reasonable suspicion to believe that a person is violating the law. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App.), *cert. denied*, 565 U.S. 840, 132 S.Ct. 150, 181 L.Ed.2d 67 (2011); *State v. Varley*, 501 S.W.3d 273, 278 (Tex. App. — Fort Worth 2016, pet ref'd). The State does not have to establish with absolute certainty that a crime has occurred but must elicit testimony of sufficient facts to create a reasonable suspicion of a traffic violation. *State v. Varley*, 501 S.W.3d at 278. The reasonableness of the officer's suspicion is gleaned only from

information known to the officer at the time of the detention. *See Crain v. State*, 315 S.W.3d 43, 52-53 (Tex. Crim. App. 2010); *State v. Varley*, 501 S.W.3d at 278. The standard is purely objective and does not take into account the officer's subjective intent. *State v. Varley*, 501 S.W.3d at 278.

Section 547.322 provides in part that:

(f) A taillamp or a separate lamp shall be constructed and mounted to emit a white light that:

(1) illuminates the rear license plate; and
(2) makes the plate clearly legible at a distance of 50 feet from the rear.

(g) A taillamp, including a separate lamp used to illuminate a rear license plate, must emit a light when a headlamp or auxiliary driving lamp is lighted.

Tex. Transp. Code Ann. § 547.322 (f) (g) (West 2011).

In its findings of fact and conclusions of law, the trial court found that the only reason for the stop was that one license plate lamp was not illuminating. The trial court concluded that a traffic violation does not occur when a vehicle's headlamp is lighted and simultaneously one of the vehicle's license plate lamps is emitting a light. The trial court further found that Deputy Dowdy was not reasonable in his belief that a traffic violation had occurred was occurring or was about to occur and that Deputy Dowdy did not have reasonable trustworthy information sufficient to warrant a reasonable belief that Jones was committing or committed an offense.

Deputy Dowdy testified that it was a violation of § 547.322 (g) to have a license plate lamp that was not in working order. The trial court found that it was not a violation of § 547.322 if the license plate is illuminated by one lamp. The case before us is similar to that in *State v. Varley*, 501 S.W.3d 273, 278 (Tex. App. — Fort Worth 2016, pet ref'd). In *State v. Varley*, the police officer observed that a brake light on the rear of the vehicle was not working and initiated a traffic stop. *State v. Varley*, 501 S.W.3d at 276. The officer testified the statute requires two working brake lights and that he did not consider the brake light in the center of the rear cab window because it was not affixed to the rear of the vehicle. *See* TEX. TRANSP. CODE ANN. § 547.323 (West 2011). The trial court found that there was no reasonable suspicion to stop the defendant because there was a second stop lamp on the vehicle. The trial court noted that the cab could be the rear of the vehicle. The Fort Worth Court of Appeals found that the defendant did not violate § 547.323 because he had at least one brake light mounted on the rear of his vehicle and two brake lights overall. *State v. Varley*, 501 S.W.3d at 279. However, the Court held that under *Heien v. North Carolina*, the officer's mistake of law was reasonable. *Id* at 283. The court reversed the trial court's order granting the motion to suppress. *Id*.

Assuming without deciding that Jones did not commit a traffic violation, pursuant to *Heien v. North Carolina* there was no violation of the Fourth Amendment if it was reasonable for the officer to suspect that the conduct was illegal. *Heien v. North Carolina*, 574 U.S. 54, 66 (2014). Under *Heien*, if Deputy Dowdy's mistake of law was reasonable,

then the trial court erred in granting the motion to suppress. *See Heien v. North Carolina*, 574 U.S. at 67.

Like the statue in question in *Heien*, no court has determined whether it is an offense under § 547.322 (g) to have a license plate lamp that was not in working order even though the license plate was illuminated by another license plate lamp. Because § 547.322 (f) requires a separate lamp, singular, to illuminate the license plate so that it is legible from a distance of 50 feet, but § 547.322 (g) requires a separate license plate lamp to illuminate when the headlamps are lighted, we find that the mistake of law by Deputy Dowdy, if any was made, was reasonable. Therefore, pursuant to *Heien* we find that the trial court erred by granting the motion to suppress. *See State v. Varley*, 501 S.W.3d at 283. We sustain the State's sole issue on appeal.

**CONCLUSION**

We reverse the trial court's order granting Jones's motion to suppress and remand to the trial court for further proceedings consistent with this opinion.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Reversed and remanded
Opinion delivered and filed September 9, 2020
Do not publish
[CR25]

